IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS

MICHAEL ANTHONY
MILLER,

            Petitioner,

       v.                              CASE NO.  11-3023-SAC

DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

            Respondent.

                              **O R D E R**

   This petition for writ of habeas corpus was filed by an inmate of the California Substance Abuse Treatment Facility in Corcoran, California.  Having considered the materials filed, the court finds as follows.

   Petitioner has not satisfied the filing fee for this case. Ordinarily, this action would not proceed until petitioner had either paid the filing fee to the court or submitted a motion to proceed without prepayment of fees supported by the requisite financial information.  However, because the court finds that this action must be dismissed, it provisionally grants Mr. Miller leave to proceed without prepayment of fees for the sole purpose of dismissing this action.

   Petitioner's allegations are clearly challenges to his state conviction, which must be raised by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  While a federal district court has jurisdiction to hear the habeas corpus claims of a state prisoner under § 2254, this court has no jurisdiction over petitioner's custodian, and Mr. Miller's allegations evince no

connection whatsoever to this judicial district.[1]

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). The District of Kansas is neither. Petitioner was sentenced and convicted in California state court and is presently confined at a state facility in California. It follows that the District of Kansas is not the proper venue for Mr. Miller's § 2254 claims. The court takes judicial notice of the court records in Miller v. State of California, Case No. CV 09-4387 R (JC)(CD Cal. July 9, 2009)(Report and Recommendation). That action involved a § 2254 petition filed by Mr. Miller in 2009, which was transferred to the appropriate federal judicial district, the Central District of California. The referenced Order set forth the procedural history of petitioner's criminal conviction including his conviction and sentence on July 25, 2001. The Order also described five petitions for writ of habeas corpus filed by Mr. Miller seeking to challenge his California conviction. Miller's fourth petition was denied on the merits and dismissed with prejudice in 2007. The Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability on September 26, 2008. Id. at 4. The District Court then treated the fifth and "Current Federal Petition" as a "successive" application, which Mr. Miller had not obtained authorization to file from the Ninth Circuit. The court thus found

---

[1] This court also lacks jurisdiction over civil rights claims against California officials by this California inmate.

that it lacked jurisdiction to consider his fifth § 2254 application. The action was dismissed without prejudice, but also referred to the Ninth Circuit. The Ninth Circuit then denied authorization to file a second or successive § 2254 petition.

While this court has the authority to transfer an action filed in the wrong venue to any district in which it could have been brought, it finds that dismissal of this action is appropriate instead. Petitioner's § 2254 petition is obviously successive and he does not show that he has obtained the requisite authorization from the appropriate Circuit Court of Appeals. Accordingly, the court finds that justice would not be served by a transfer of this action.

**IT IS THEREFORE ORDERED** that petitioner is granted provisional leave to proceed in forma pauperis for the sole purpose of dismissing this action.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for improper venue and lack of jurisdiction.

**IT IS FURTHER ORDERED** that any application for a certificate of appealability is denied.

**IT IS SO ORDERED**.

Dated this 25th day of February, 2011, at Topeka, Kansas.

                                           s/Sam A. Crow
                                           U. S. Senior District Judge